FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 1 9 2003

[signature]
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANUEL MONTERO a/k/a
MANUEL REYES-PENA,

　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　No. CIV-03-0016 MV/KBM

frm PRESIDENT'S 'WILLIAM
JEFFERSON CLINTON, et all.,

　　　　Defendant(s).

## MEMORANDUM OPINION AND
## FINAL ORDER OF DISMISSAL

　　　　This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $150.00. Plaintiff will be required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, Plaintiff's complaint will be dismissed.

　　　　The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma*

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint contains no specific factual allegations or claims of violations of federal law. Plaintiff seems to be complaining about a variety of criminal conspiracies and governmental, as well as terrorist, activities. Under former § 1915(d) the court has "the authority to dismiss a claim based on an indisputably meritless legal theory, [and] also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), *quoted in Northington*, 973 F.2d at 1520 (10th Cir. 1992). This authority is properly exercised against "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328. The court also may dismiss claims that are "patently insubstantial . . . for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Id.* at 327 n.6 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974) (federal courts lack power to entertain claims that are " 'so attenuated and unsubstantial as to be absolutely devoid of merit' "); *Bell v. Hood*, 327 U.S. 678, 682-683 (1946)). Under these standards the complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. #2) is GRANTED, and the initial partial payment is WAIVED;

IT IS FINALLY ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and this action is DISMISSED.

UNITED STATES DISTRICT JUDGE

2